UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE WALKER, JR.,

    Petitioner,

v.

SHANE JACKSON,

    Respondent.

Case No. 16-12611
Honorable Laurie J. Michelson

## OPINION AND ORDER
## DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

In 2014, Lonnie Walker, Jr., was convicted in a Michigan court of first-degree criminal sexual conduct, home invasion, and felonious assault. He was sentenced to 36 to 80 years in prison for the sexual misconduct conviction. Walker seeks a writ of habeas corpus from this Court.

In a prior order, the Court noted that while Walker only raised two claims of error on direct appeal, his petition for the writ raised four claims. (R. 6, PID 115.) It thus appeared that two of Walker's claims were unexhausted. (R. 6, PID 116.) As such, the Court asked Walker how he wished to procced: dismiss the two unexhausted claims and have this Court adjudicate the two exhausted ones, "ask the Court to . . . dismiss his entire habeas petition without prejudice," or "ask the Court to . . . hold his habeas petition in abeyance while he pursue[d] state remedies for his unexhausted claims." (R. 6, PID 116.)

Walker has elected the third route. He "ask[s] the Court to stay the petition and hold it in abeyance while the petitioner . . . returns to state court to raise [the] unexhausted claims[.]" (R. 7, PID 118.)

It used to be the case that federal district courts had to dismiss a mixed petition (exhausted and unexhausted claims) such as Walker's. *See Rose v. Lundy*, 455 U.S. 509 (1982). But in *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognized that because of the one-year statute of limitations on habeas corpus petitions imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (a time bar that did not exist when *Lundy* was decided), outright dismissal might prejudice the habeas petitioner. The Court provided the following example: "[I]f a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim." *Id.* at 275. As such, the Court in *Rhines* held that district courts had discretion to decide whether to dismiss or hold in abeyance a mixed petition. *See id.* at 277–78.

The concern identified in *Rhines* is not present in this case. The Michigan Supreme Court denied Walker leave to appeal on March 8, 2016. *See People v. Walker*, 875 N.W.2d 221 (Mich. 2016). Walker did not seek certiorari from the United States Supreme Court. (R. 1, PID 60.) Walker's state-court conviction and sentence thus became "final" (as that term is used in AEDPA's statute-of-limitations provision, 28 U.S.C. § 2244(d)(1)) 90 days after the Michigan Supreme Court's decision, on June 6, 2016. *See Gonzalez v. Thaler*, — U.S. —, 132 S. Ct. 641, 653, 181 L. Ed. 2d 619 (2012); U.S. Sup. Ct. R. 13.1. It follows that AEDPA's one-year clock will expire, at earliest, on June 6, 2017. *See* 28 U.S.C. § 2244(d)(1). In other words, AEDPA's clock still has six months of time left on it. And the clock will be paused as long as "a properly filed application for State post-conviction" relief remains pending. *See* 28 U.S.C. § 2244(d)(2). Thus, if Walker files his motion for relief from judgment in state court within, say, two months, he would have four months on AEDPA's clock to refile a federal petition for habeas corpus after

the state-court proceedings are complete. As this is ample time, Walker's "chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are [*not*] slim," *Rhines*, 544 U.S. at 275.

And there is another reason the Court declines to hold Walker's petition in abeyance. In *Rhines*, the Supreme Court stated: "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277. Walker provides no explanation for why he did not exhaust the two unexhausted claims in his petition before filing here. (*See generally* R. 7.) So the "good cause" that the Supreme Court indicated is required for a stay is lacking.

For the foregoing reasons, the Court DISMISSES Walker's petition for habeas corpus WITHOUT PREJUDICE.

SO ORDERED.

Dated: January 9, 2017

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 9, 2017.

s/Keisha Jackson
Case Manager

3