UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE WALKER, JR.,

    Petitioner,

v.

LES PARISH, *Warden*

    Respondent.

Case No. 16-12611
Honorable Laurie J. Michelson

**OPINION AND ORDER
DENYING PETITION FOR A WRIT OF HABEAS CORPUS [1]**

A Michigan court convicted and sentenced Lonnie Walker for first-degree criminal sexual conduct. Walker appealed his conviction, but the Michigan Court of Appeals affirmed, and the Michigan Supreme Court denied leave for further appeal. Walker also pursued post-conviction relief in the state courts without success.

Walker now turns to federal court, petitioning for a writ of habeas corpus. He argues that four errors during his state trial deprived him of rights secured by the federal Constitution. Having reviewed these four claims, the Court finds that two lack merit and that two are defaulted. So the Court will deny Walker's petition for a writ.

**I.**

**A.**

"In the early morning hours of November 19, 2013, a man broke into the room where a 14–year–old girl was sleeping. The man held a knife to her face and

forced her to undress and perform oral sex on him. The man's face was completely covered except for his eyes." *People v. Walker*, No. 321707, 2015 WL 4635054, at *1 (Mich. Ct. App. Aug. 4, 2015). "The encounter ended when the girl's aunt entered the room and the man fled, knocking the aunt over as he escaped." *Id.*

The State of Michigan charged Lonnie Walker, Jr. with these crimes. The issue for the jury was the identity of the assailant. (PageID.982.)[1] The prosecution introduced evidence that fingerprints found on "the exterior of the window where the attacker had likely gained entry" matched Walker's. (*See* PageID.648–649, 714–716); *Walker*, 2015 WL 4635054, at *1. Additionally, a detective testified that when Walker was taken into custody, Walker's father turned over a backpack belonging to Walker; in the backpack was a knife and a hat with eyeholes cut out. (*See* PageID.756, 760.) Perhaps the strongest evidence against Walker was a video found on Walker's cellphone. A detective testified that the video was dated November 19, 2013 at 3:32 a.m.—the morning of the attack. (PageID.805–807, 810.) And the victim told the jury that she had "no doubt" she was the person sleeping in the video; she even recognized her blankets, sheets, and pillows. (PageID.564.)

Walker attempted to create a reasonable doubt in the jurors' minds by suggesting, among other things, that fingerprint matching was subjective (PageID.987–988) and that the video on Walker's phone might not have been of the victim (PageID.992–993).

---

[1] Unless stated otherwise, all record citations are to the Rule 5 materials found at ECF No. 19.

Having heard all the evidence, a Michigan jury convicted Walker of, among other things, first-degree criminal sexual conduct. (PageID.1019.) Walker, who was then 41, was sentenced to a minimum of 36 years and a maximum of 80 years in prison on the CSC conviction. (PageID.1039, 1076.)

The Michigan Court of Appeals affirmed Walker's conviction over two claims of error. *See generally People v. Walker*, No. 321707, 2015 WL 4635054 (Mich. Ct. App. Aug. 4, 2015). The Michigan Supreme Court denied Walker's request to take his appeal. *See People v. Walker*, 875 N.W.2d 221 (Mich. 2016).

**B.**

Walker then sought relief from a federal court. In particular, he filed this petition for habeas corpus in July 2016. (ECF No. 1.) Two of Walker's claims in his petition were not exhausted, but as he faced no statute-of-limitations problem, this Court dismissed the case without prejudice. (ECF No. 8.) The Court expected that Walker would exhaust the two claims in state court and then start a new case with a new petition. But that did not happen; instead, Walker sought to reopen this case after he had finished pursuing relief in state court. (*See* ECF Nos. 10, 11.) For various reasons provided elsewhere, the Court permitted the case to be reopened. (*See generally* ECF No. 12.)

**II.**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") (and 28 U.S.C. § 2254 in particular) "confirm[s] that state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 562

3

U.S. 86, 103 (2011); *see also Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). So to obtain relief in federal court, habeas petitioners who challenge "a matter 'adjudicated on the merits in State court' [must] show that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). "But if the state courts did not adjudicate a claim "on the merits," this standard "does not apply and [this Court] will review the claim de novo." *Bies v. Sheldon*, 775 F.3d 386, 395 (6th Cir. 2014).

### III.

Walker's habeas petition contains four claims. Briefly, he says that (1) unfairly prejudicial evidence was admitted, (2) a biased juror was not dismissed for cause, (3) there was a suggestive in-court identification, and (4) counsel was ineffective by not objecting to the suggestive in court-identification or seeking a *Wade* hearing. The Court addresses these claims in that order.

### A.

At trial, the prosecution sought to introduce various other-acts evidence against Walker. Over Walker's objections, the court ended up allowing introduction of Walker's YouTube search history that included searches for "twelve and fourteen year old twerking video" and similar videos, *Walker*, 2015 WL 4635054, at *1; (PageID.821–823), Walker's emails from dating websites (PageID.823, 825), and

4

"videos taken on [his phone] of what appeared to be a woman on her knees performing oral sex on the man taking the video," *Walker*, 2015 WL 4635054, at *1; (PageID.829).

According to Walker, the introduction of this evidence is contrary to the Michigan Rules of Evidence, including the state's rules against propensity evidence. (ECF No. 1, PageID.62, 76–87.)

The Court will not grant a writ based on this claim.

As an initial matter, a federal court cannot grant a writ of habeas corpus merely because state rules of evidence were violated. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

True, the erroneous admission or exclusion of evidence could be so unfair that it deprives a petitioner of the fundamentally fair trial promised by the Due Process Clause. *See Bojaj v. Berghuis*, 702 F. App'x 315, 321 (6th Cir. 2017) (discussing possible due process violation where the erroneous admission of evidence was "a crucial, critical highly significant factor in bringing about a guilty verdict"). But this is not that case. Even under de novo review, the Court agrees with the Michigan Court of Appeals: "The other evidence in favor of conviction in this case was overwhelming." *Walker*, 2015 WL 4635054, at *2. Setting aside the other-acts evidence, the jury still heard that Walker's fingerprints were found at the likely entry point to the victim's house, that the victim was held at knife point by someone wearing a facial covering with eyeholes and authorities found a knife and a hat with eyeholes cut out in Walker's backpack, and that a video of the victim from the very

5

morning of the attack was on Walker's phone. Thus, even on de novo review, this Court agrees with the Michigan Court of Appeals: "Given the strength of this evidence, . . . the other-acts evidence did not change the outcome of the case." *Id.* It follows that the admission of the other-acts evidence did not violate the Due Process Clause.

**B.**

In his second claim for the writ, Walker says the trial court erred by failing to dismiss for cause an admittedly biased potential juror, thus forcing him to expend one of his limited peremptories to dismiss that potential juror. (*See* ECF No. 1, PageID.62, 88.)

At trial, seat five proved difficult to fill with no less than seven potential jurors excused from the seat. (*See* PageID.473–511.) One of the potential seat-five jurors indicated that it would be difficult for him to be unbiased because Walker's case involved a home invasion and his father had been murdered in a home invasion. (PageID.491–495.) The potential juror was ultimately asked if he could "use [the] intellectual part of [his] brain and listen . . . and remember and apply . . . the facts of the case to the elements"; he responded, "I would like to think that I could." (PageID.495.) Walker sought to dismiss the juror for cause, but the trial court denied the request. (*Id.*) Walker thus had to spend one of his limited peremptories to dismiss him. (*See id.*)

The Court will not grant a writ based on this claim. *Ross v. Oklahoma* points the way. There, a potential juror stated that if Bobby Ross was convicted, he would

vote to automatically impose the death penalty. 487 U.S. 81, 84 (1988). Ross asked the court to excuse the juror for cause, arguing that the juror would not follow the law during the penalty phase of the case. *See id.* The court denied the request. *Id.* So Ross had to spend one of his peremptories—and he ended up using all of them. *Id.* The Supreme Court explained, "[Ross] was undoubtedly required to exercise a peremptory challenge to cure the trial court's error. But we reject the notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury. We have long recognized that peremptory challenges are not of constitutional dimension." *Id.* at 88. "So long as the jury that sits is impartial," said the Court, "the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." *Id.*; *see also Beuke v. Houk*, 537 F.3d 618, 638 (6th Cir. 2008) (similar facts, similar reasoning). Just like Ross, Walker claims that the trial court should have dismissed the potential seat-five juror for cause but makes no showing that the person who was ultimately seated in seat five was not impartial. Indeed, Walker has made no showing that any of the seated jurors were not impartial. So Walker has not demonstrated a Sixth Amendment violation.

In short, the Court will not grant Walker a writ based on his claim that the trial court should have removed a potential seat-five juror for cause.

## C.

The Court will address Walker's third and fourth claims for the writ together. Walker's third claim is that the victim's aunt initially reported that the assailant

7

was wearing a mask; yet, during the preliminary examination, with Walker seated at the defendant's table, she identified Walker as the assailant. In Walker's view, the aunt could not know what he looked like, and so it must have been his presence at the preliminary exam (and at the defendant's table) that suggested to her that he was the assailant. (*See* ECF No. 1, PageID.62; ECF No. 19, PageID.1048–1049.) In his fourth claim for the writ, Walker asserts that his trial counsel was ineffective in not objecting to the aunt's in-court identification, including by not seeking a hearing under *United States v. Wade*, 388 U.S. 218 (1967). (ECF No. 1, PageID.62–63; ECF No. 19, PageID.1049–1050.) (Although it is unclear if it would fit Walker's situation, a *Wade* hearing is a means for contesting identification procedures. *See Millender v. Adams*, 376 F.3d 520, 524 (6th Cir. 2004); *People v. Baker*, 303 N.W.2d 14, 15 (Mich. Ct. App. 1981).)

The Warden says these claims are procedurally defaulted. (ECF No. 18, PageID.151.) The Court agrees. The explanation comes in three parts. *See Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir. 2012).

*One: Did the state courts apply a procedural bar?* Walker's motion for relief from judgment was the first time he presented the claims that are now his third and fourth claims for the writ to the state courts. The last state court opinion relating to that motion was the Michigan Supreme Court's denial of leave to appeal; it denied leave because Walker "ha[d] failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Walker*, 919 N.W.2d 55, 55 (Mich. 2018). That language is ambiguous as to whether it was a denial on the

8

merits or on procedural grounds, so "this court must look to the last reasoned state court decision to determine the basis for the rejection of the claims." *Plaster v. Parish*, No. 20-2041, 2021 WL 6693882, at *2 (6th Cir. Nov. 29, 2021); *see also Stermer v. Warren*, 959 F.3d 704, 723–24 (6th Cir. 2020). The Michigan Court of Appeals also did not provide a reasoned decision; it found that Walker "failed to establish that the trial court erred in denying the motion for relief from judgment." (PageID.1292.) So the Court looks through that decision to the state trial court opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("[W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."); *Plaster*, 2021 WL 6693882, at *2.

The state trial court supplied a reasoned opinion and applied a procedural bar, namely Michigan Court Rule 6.508(D)(3). The court noted that under Rule 6.508(D)(3), it could not grant relief on Walker's motion for relief from judgment on grounds that he could have raised on direct appeal unless Walker demonstrated "good cause" for not raising it on direct appeal and "actual prejudice" from the claimed error. *People v. Walker*, No. 2013-248700-FC, slip op. at 2–3 (Mich. 6th Cir. Ct. May 15, 2017), *available at* (ECF No. 19, PageID.1053–1060). The state trial court then went on to explain that the victim's aunt's in-court identification was not the result of undue suggestion. *Id.* at 4. Further, said the court, the judge at the preliminary examination and the jury at trial heard from the aunt that the assailant was masked when she first saw him, and thus had the ability to discount

9

her in-court identification. *Id.* at 5. Because Walker had not shown that the aunt's identification was error, it followed that Walker had not shown that his appellate counsel had been ineffective for failing to raise the identification issues on appeal and, in turn, Walker had not shown "good cause" under 6.508(D)(3) for failing to raise the claim on appeal. *Id.* For good measure, the state trial court also found that Walker had not shown actual prejudice from the aunt's identification given the other evidence of guilt. *Id.* at 6. As for trial counsel's failure to seek a *Wade* hearing, the state trial court explained that because Walker had not demonstrated an impermissibly suggestive identification procedure, he had not demonstrated that a *Wade* hearing would have been granted. *See id.* at 7–8. Thus, Walker could not meet the "good cause" or "actual prejudice" requirements of Rule 6.508(D)(3) for that claim, either.

*Two*: *Is Rule 6.508(D)(3) an adequate and independent state ground?* "Rule 6.508(D)(3) is an independent and adequate state ground for denying review of a federal constitutional claim." *Plaster*, 2021 WL 6693882, at *2 (citing *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005)).

*Three: Has Walker excused the default?* When, as here, state courts bar a claim based on an adequate and independent state procedural rule, federal habeas courts considering that same claim generally honor the state procedural bar. *See Pollini v. Robey*, 981 F.3d 486, 498 (6th Cir. 2020) (noting "roots in notions of federalism and comity"). The exception is if a habeas corpus petitioner shows "'cause

and prejudice' or actual innocence" to excuse the default. *Burton v. Renico*, 391 F.3d 764, 773 (6th Cir. 2004).

Walker has not made the required showing. He makes no attempt to argue actual innocence. And in his petition at least, he offers no cause for failing to raise the issues in claims three and four of his petition on direct appeal. In his motion for relief from judgment, Walker argued that appellate counsel was ineffective for failing to raise the in-court identification claims. (*See* PageID.1046.) But even if this Court were to presume Walker intended to advance that argument as part of this habeas case, it would fail. Given the fingerprint evidence and that the victim identified herself on a video on Walker's phone, it is highly unlikely that the Michigan Court of Appeals would have reversed Walker's conviction had appellate counsel raised the issues relating to the aunt's in-court identification. So Walker has not shown that appellate counsel was ineffective, and thus has not shown cause that would excuse the default.

In short, claims three and four of Walker's petition are defaulted.

## IV.

In sum, the Court DENIES Walker's petition for a writ of habeas corpus. By separate order the Court will deny Walker a certificate of appealability but grant him the right to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: August 23, 2022

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE